IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON DELGADO-VAZQUEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO.  04-2011(JAF)
Criminal No. 01-637 (JAF)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On September 24, 2004, petitioner Nelson Delgado-Vázquez filed a motion and affidavit in support of a 28 U.S.C. § 2255 petition seeking to vacate his sentence after he entered a change of plea to a violation of 21 U.S.C. §846, conspiracy to possess with intent to distribute at least fifteen (15) but less than fifty (50) kilograms of cocaine. **(Civil 04-2011, Docket No. 1; Criminal 01-637, Docket No. 269 and 280).**  Petitioner submits the sentencing court's determination as to facts not reflected in the jury's verdict or the Grand Jury indictment related to the firearm and the role in the offense enhancements violated <u>Blakely</u> and <u>Apprendi</u> rationale.   In addition, petitioner avers he is entitled to post-conviction relief because of ineffective assistance of counsel upon failure to object to the role and firearm enhancements applied since it raised the sentence beyond the statutory maximum.

On March 17, 2005, the § 2255 petition was referred to this Magistrate Judge for report and recommendation.  **(Civil 04-2011, Docket No. 3**).

Nelson Delgado-Vázquez v. U.S.
Civil No.  04-2011(JAF)
Criminal No. 01-637 (JAF)
Report and Recommendation
Page 2

# PROCEDURAL BACKGROUND

On August 30, 2001, petitioner was indicted, together with other co-defendants, for participating in a conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine, more than one (1) kilogram of heroin, more than five (5) kilograms of cocaine base (crack cocaine) and more than fifty (50) pounds of marihuana as prohibited by Title 21, United States Code 841(a)(1), in violation of 21 U.S.C. § 846.[1]

On April 8, 2002, petitioner and the other co-defendants entered a plea of guilty pursuant to a government's package deal offer as to which this particular defendant, herein petitioner, was to plead guilty to a conspiracy to distribute fifteen (15) but less than fifty (50) kilograms of cocaine.  **(Criminal 01-637, Docket No. 157 and 269).**

On September 18, 2002, petitioner was sentenced to a term of imprisonment of 206 months, a term of supervised release of five (5) years and a special monetary assessment of $100.  **(Criminal No. 01-637, Docket No. 205 and 276**).

On September 26, 2002, petitioner timely filed a Notice of Appeal of the sentence imposed.  **(Criminal No. 01-637**, **Docket No. 206**).  On March 19, 2003, the Court of Appeals for the First Circuit issued an Informal Mandate dismissing the appeal. (**Criminal No. 01-637**, **Docket No. 260**).

---

[1]  21 U.S.C. §846. Attempt and conspiracy
   Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

On December 21, 2004, the Court of Appeals for the First Circuit entered a Judgment and Mandate vacating the drug testing, drug treatment, and search upon reasonable suspicion conditions of petitioner's supervised release and remanded for further proceedings consistent with United States v. Meléndez, 353 F.3d 93 (1st Cir. 2003), decided after sentence was imposed upon petitioner. **(Docket No. 01-637, Docket No. 290**).

On February 10, 2005, an Amended Judgment was entered altering petitioner's conditions of supervised release pursuant to the Judgment and Mandate of the Court of Appeals, see Docket No. 01-637, Docket No. 290. The terms of the original Judgment remained in effect. **(Docket No. 01-637, Docket No. 293**).

## LEGAL ANALYSIS

**I.    The Apprendi[2] and Blakely[3] Claims**.

Petitioner submits the sentencing court's determination as to facts not reflected in the jury's verdict or the Grand Jury indictment related to the firearm and the role in the offense enhancements violated Blakely and Apprendi rationale. As such, petitioner requests his sentence be vacated and he be re-sentenced within the statutory maximum range of 121-151 months of imprisonment rather than the 206 months of imprisonment he received.

In a conspiracy case, to apply the mandatory minimum to a particular co-conspirator, the sentencing court must make a specific finding, supportable by a preponderance of the

---

[2]   Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

[3]   Blakely v. Washington, 542 U.S.    , 124 S.Ct. 2531 (2004).

evidence, ascribing the triggering amount to that co-conspirator. *See* United States v. Colón-Solis, 354 F.3d 101, 103 (1st Cir. 2004); United States v. Swiney, 203 F.3d 397, 401-06 (6th Cir. 2000); United States v. Becerra, 992 F.2d 960, 967 n. 2 (9th Cir. 1993); United States v. Gilliam, 987 F.2d 1009, 1013-14 (4th Cir. 1993).

In Apprendi, the Supreme Court held as a matter of constitutional law that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. at 488.  Thus, the due process clauses of the Fifth and Fourteenth Amendments make the jury the proper decision maker and the reasonable doubt standard is the proper burden, when a fact raises the maximum lawful punishment.  Id.  This is only applicable in situations where "the judge-made factual determination increased the maximum sentence beyond the statutory maximum, and not in situations where the defendant's potential exposure is increased within the statutory range." United States v. Baltas, 236 F.3d 27, 40 (1st Cir. 2001).

Prior to the Apprendi decision, courts were certain drug quantity was merely a sentencing issue, not an essential part of the conviction. *See, e.g.*, United States v. Lindia, 82 F.3d 1154, 1160-61 (1st Cir. 1996).  However, subsequent to Apprendi, where drug quantity elevated the statutory maximum sentence, it needs to be proven beyond a reasonable doubt to the jury, although judges could still make all other drug quantity determinations at sentencing. *See* United States v. López-López, 282 F.3d 1, 22 (1st Cir. 2002).  Thus, Apprendi has resulted

in verdict questions to juries about drug quantity, which questions were asked only if the jury had found guilt on the underlying offense.

In Blakely, the Supreme Court held the Sixth Amendment right to trial by jury was violated by imposition of a sentence above the "statutory maximum of the standard range" in the State of Washington's sentencing guidelines, because the sentence enhancement was based on aggravating facts which were determined by judicial, rather than jury fact finding.  As such, the Sixth Amendment is deemed violated by imposition of a sentence greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.... [T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  Thus, the Sixth Amendment is violated by judicial fact finding of facts germane to the application of a sentence enhancement. However, Blakely also asserts the Sixth Amendment is not violated if the defendant admits or stipulates to the facts germane to application of the sentence enhancement and further instructs nothing prevents the defendant from waiving his right to a jury trial of sentence enhancements.

Post Blakely, however, various courts have ruled all sentence-enhancing factors (other than criminal history) must be proven to a jury beyond a reasonable doubt. *See* United States v. Pérez, 338 F.Supp.2d 154 (D. Me. 2004); *see also* United States v. Rivera-Calderón, 354 F.Supp.2d 86, 2005 WL 188853 (D.P.R. 2005).

Turning to the instant petition, the <u>Apprendi</u> and <u>Blakely</u> issues raised, even on the most liberal interpretation, should be subject of summary dismissal.

Petitioner in this case did not go to a trial by jury but instead made a change of plea pursuant to a Plea Agreement ("the Agreement"). The Agreement included the stipulation that petitioner's offense level would be adjusted upwards by two (2) levels under USSG § 2D1.1(b)(1) for possession of a firearm in conjunction with the offenses; and by two (2) levels for being an organizer, leader, manager or supervisor in the criminal activity pursuant to USSG § 3B.101(c). **(Criminal No. 01-637, Docket No. 157, p. 4**).

In addition, the Agreement included a Statement of Facts, which was signed by petitioner and his counsel, wherein petitioner acknowledged being the owner of the drug points which distributed narcotics and to routinely carry, possess and use firearms to protect members of the organization, the operation of the drug business, the narcotics themselves and the proceeds derived from the sale of narcotics **(Criminal No. 01-637, Docket No. 157**).

Thus, petitioner admitted in the Agreement and the statement of facts attached thereto his role in the offense as the owner of the drug point and routinely carrying firearms in furtherance of the narcotic trafficking activities. Moreover, the district judge ascertained petitioner understood and agreed to these adjustments during the Rule 11 hearing. **(Criminal No. 01-637, Docket No. 269, p. 27**).

Furthermore, the Probation Office's Presentence Report, which made reference to petitioner's role in the offense and the use of firearms, was not opposed by petitioner.

Additionally, the arguments raised under Apprendi[4] in petitioner's post-conviction motion fail to present a challenge to the conviction and to the question of guilt or innocence Finally, petitioner has not challenged the fact his change of plea was intelligent, knowing and voluntary.

Accordingly, the sentencing court's findings as to the role in the offense and firearm enhancements are supported by the Agreement, the Statement of Facts and the Probation Office unopposed Presentence Report.[5]

When a defendant pleads guilty or nolo contendere to a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will ... agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

As to the underlying issue of compliance with the Rule, "[o]n a plea, the question under Rule 11(f) [now Rule 11(b)(3) ] is not whether a jury would, or even would be likely, to convict: it is whether there is enough evidence so that the plea has a rational basis in facts that the

---

[4] As this Court has held on numerous occasions, "[n]o Apprendi violation occurs when the district court sentences a defendant below the default statutory maximum". United States v. Barnes, 244 F.3d 115, 119 (1st Cir. 2001). United States v.  Campbell, 268 F.3d 1 (1st Cir. 2001).

[5] During the sentencing hearing petitioner did not accept he was the owner or supervisor of the drug points and only acknowledged and accepted participation for being a street vender for several months in the "La Conterra" (Cantera) drug point. **(Criminal No. 01-637, Docket No. 276, pp. 8-9).**  Nonetheless, this assertion does not change the fact he signed a Plea Agreement and the Statement of Facts recognizing the role in the offense and firearms enhancements, as previously discussed.

defendant concedes or that the government proffers as supported by credible evidence." United States v. Gandía-Maysonet, 227 F.3d 1, 6 (1st Cir.2000).

In view of the foregoing, petitioner's claims of violation to the Blakely and Apprendi rationale are without merit.

## II.    The Booker-Fanfan claims.

Petitioner's § 2255 motion was filed before the Supreme Court ruled on the cases of United States v. Booker, 543 US __, 125 S.Ct. 738 (2005) and United States v. Fanfan, 543 US __, 125 S.Ct. 738 (2005).  Thus, no claims are made by petitioner pursuant to these two cases.  Nonetheless, since Booker and Fanfan are the most recent decisions of the Supreme Court on this matter making the sentencing guidelines advisory, we discuss them briefly to support our conclusion.

In United States v. González-Mercado, 2005 WL 740506 (1st Cir. 2005), appellant claimed his pleas were not entered in an intelligent manner because they were not informed by the Booker[6] holding, thus, the pleas were based upon a mistaken understanding of the operation of the federal sentencing guidelines.

The Court of Appeals for the First Circuit rejected appellant's claims under the previous holding in United States v. Sahlin, 399 F.3d 27, 31 (1st Cir. 2005) (holding "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany

---

[6] The Booker Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S.Ct. at 756-57 and 767-68.

a guilty plea.").[7]  In addition, the Court of Appeals of the First Circuit made reference to the

decision of Brady v. United States, 397 U.S. 742, 757 (1970) in which the Supreme Court held

that "a voluntary plea of guilty intelligently made in light of the then applicable law does not

become vulnerable because later judicial decisions indicate that the plea rested on a faculty

premise."  Thus, under the doctrine of *stare decisis*, the Court of Appeals of the First Circuit

ruled in González-Mercado "the issue is foreclosed" because the "Booker decision, in and of

itself, does not undermine the validity of the appellant's guilty pleas."  399 F.3d at 27.  Thus,

the holding in González-Marrero supports our conclusion petitioner's § 2255 is without merit.

Furthermore, in reaching our conclusion, we cannot obviate the fact the Booker-Fanfan

claims were not preserved by petitioner.

The argument that a Booker error occurred is preserved if the defendant below argued

Apprendi or Blakely error or that the Guidelines were unconstitutional. This is broader in scope

than the argument the mandatory Guidelines system was unconstitutional. Generally, there is

no Booker argument if the sentence imposed was a statutory mandatory minimum sentence

resulting from facts found by a jury or admitted by the defendant.  United States v.

Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005).

The applicable framework for review of unpreserved Booker claims appears in

Antonakopoulos, 399 F.3d at 74 pursuant to the four-prong test established in United States v.

---

[7]  In Sahlin, defendant and the government jointly stipulated both to the enhancement and the sentencing increase resulting from the enhancement, the district court was bound by this stipulation once it accepted the plea agreement. It did not, then, engage in fact finding in order to apply the enhancement, it merely applied the terms of the plea agreement, to which it was bound.  399 F.3d at 27.

Olano, 507 U.S. 725, 113 S.Ct. 1770 (1993), for unpreserved claims, to wit; there must be (1) an error (2) that is plain, and it (3) affects substantial rights and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings.  The first two (2) prongs of the plain error test are met whenever the district court treated the Guidelines as mandatory at the time of sentencing. *Id.* But to meet the third prong of the test, the defendant must persuade us that there is a "reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' Booker regime." *Id.* "[I]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice under plain-error analysis." Id. at 77 (citations and internal quotation marks omitted).  See  United States v. Serrano-Beauvaix, 400 F.3d 50 (1ˢᵗ Cir. 2005).

The record in this case does not show petitioner preserved the issues nor made any arguments before the District Court questioning the constitutionality of the Guidelines or the application of the Guidelines to his sentence under Apprendi or Blakely.

Moreover, petitioner has failed to meet his burden there is a reasonable probability he would be sentenced more leniently under an advisory Sentencing Guideline system.

The transcript of the sentencing hearing clearly establishes that, notwithstanding arguments by counsel and the government's recommendation of one hundred and sixty month (160) of imprisonment, the sentencing court imposed two hundred and six (206) months, within the applicable range of one hundred and sixty eight to two hundred and ten (168-210) months. The criminal history category was considered to be One (1).  Petitioner's role was as a supervisor, thus warranting a two (2) level increase.  The possession of firearms during the

offense was considered for a two (2) level enhancement and petitioner was granted three (3) points reduction for acceptance of responsibility.  **(Criminal 01-637, Docket No. 276)**.

As previously discussed, the sentencing court was clear petitioner's plea admitted to the use of firearms and he held some supervisory, if not the owner of the drug points.  These were also clearly established in the presentence report and was not objected to at the time of sentencing, except for the previous convictions at state level that upon defense counsel's arguments were considered part of the federal offense.

In light of the sentencing court's clear manifestations, there is no likelihood that post-Booker, petitioner would be sentenced more leniently.  Serrano-Beauvaix, 400 F.3d at 50; cf. Mackinnon (the sentencing court criticized the government's decision to file an §851 information and considered the sentence policies applicable under the Guidelines to be unjust and excessive and granting no authority to for leniency).

Finally, it would be preposterous to elucidate how a sentencing court might have sentenced a defendant back in 2002 under the regime now established by Booker.

In view of the foregoing, the Booker-Fanfan claims were not preserved[8] and petitioner's

---

[8] Furthermore, Blakely and Booker-Fanfan are not applicable to collateral review.  Retroactive effect of Booker, in establishing a new rule about the federal Sentencing Guidelines, was not addressed by the Supreme Court, except as to those cases which were not final when the decision was issued on January 12, 2005.  Booker 125 S.Ct. at 769; see McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (Booker does not apply retroactively to criminal cases that became final before its release); cf. United States v. Hughes, 2005 WL 147059 (4th Cir. 2005) (enhancement factors for sentencing used by court not jury although correct under the Guidelines allowed for re-sentencing after Booker). See also United States v. Mackinnon, slip op. No. 03-2219 (1st Cir. March 16, 2005) (The principles announced in Booker apply to all cases pending on direct review); United States v. Sahlin, 399 F.3d 27 (1st Cir. 2005) (Booker provides no basis to vacate the entry of a pre-Booker guilty plea); United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005).  Thus, no retroactive effect is applicable to this case.

Nelson Delgado-Vázquez v. U.S.
Civil No. 04-2011(JAF)
Criminal No. 01-637 (JAF)
Report and Recommendation
Page 12

§ 2255 petition is without merit.[9]

## III.    Ineffective Assistance.

Petitioner avers he is entitled to post-conviction relief because of ineffective assistance of counsel upon failure to object to the role and firearm enhancements applied since it raised the sentence beyond the statutory maximum.

The claim of ineffective assistance of counsel should first address this petitioner's non-compliance with the requisites in Strickland v. Washington[10].

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland v. Washington, 466 U.S. at 687. *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1ˢᵗ Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1ˢᵗ Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*

---

[9]Still, the sentencing judge in the instant case may revisit this issue on leniency when considering this Magistrate Judge's report and recommendation, as to which petitioner will have an opportunity to submit timely objections. *See* cases cited in United States v. Serrano-Beauvaix, supra.; United States v. Hughes, 396 F.3d 374, 381 n. 8 (4ᵗʰ Cir.2005); United States v. Oliver, 397 F.3d 369, 380 n. 3 (6th Cir. 2005) (*quoting* United States v. Cotton, 535 U.S. 625, 633, 122 S.Ct. 1781 (2002)); United States v. Rodríguez, 398 F.3d 1291, 1301 (11th Cir. 2005).

[10]   Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984).

Petitioner's claim of ineffective assistance is limited to a generalized discussion related to previously discussed two (2) points sentence enhancement for possession of firearm and role in the offense and his counsel's failure to object for not being part of the Grand Jury determination and not charged in the Indictment.  It would have been most difficult for counsel to belie petitioner's own admissions in the plea agreement and in the attached statement of fact so that the sentencing court not consider the use of firearms as an enhancement and the role in the offense.

Additionally, under Strickland v. Washington, 466 U.S. at 688  counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms.  In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.  At the time of petitioner's charges and sentencing, there was no hindsight that Blakely and subsequently Booker and Fanfan, would change the vision on the application of the federal Sentencing Guidelines, its policies and other considerations.

From a perusal of the criminal record, the Rule 11 transcript, and the sentencing proceedings, this Magistrate Judge cannot find defense counsel's performance was unreasonable, there being no additional factual determinations to be made which would require an evidentiary hearing.

The petition should be denied on the grounds above discussed.[11]

---

[11] A hearing on petitioner's motion is not required in this case.   A hearing on petitioner's  motion would be required  "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. §2255.

## CONCLUSION

It is recommended that petitioner's §2255 motion for post-conviction relief be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 5th day of April of 2005.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE

---

Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (quoting Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)). See United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991); United States v. McGill, 11 F.3d 223, 225- 26 (1st Cir. 1993).

As discussed herein above, petitioner has not established merits to his post-conviction motion. Accordingly, petitioner is not entitled to an evidentiary hearing.